IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN MITCHELL WADSWORTH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:22-608 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| ERIC TICE, ATTORNEY GENERAL JOSH SHAPIRO and DISTRICT ATTORNEY OF ARMSTRONG COUNTY, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

In 2006, state prisoner Shawn Mitchell Wadsworth pled guilty to indecent assault, was determined to be a sexually violent predator, and was advised of registration obligations under the then-applicable version of Megan's Law. *See Commonwealth v. Wadsworth*, 249 A.3d 1134 (Pa. Super. Ct. 2021). In 2012, Wadsworth was convicted of two crimes (both felonies) for failing to comply with his obligations under Megan's Law III. The Court of Common Pleas of Armstrong County sentenced him to five to ten years of imprisonment. *Id.* (*See also* ECF 1 at p. 1.)

In April 2022, Wadsworth filed with this Court a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the validity of his 2012 convictions. (ECF 1.) The Court directed the United States Marshal to serve the Petition on Respondents. In July, Respondents moved for an extension to file their answer. (ECF 6.) The Court granted Respondents' motion and their answer is now due by October 6, 2022. (ECF 7.)

Wadsworth recently filed a motion he titled "Motion for Summary Judgment and/or Suspension of Sentence." (ECF 11.) A summary judgment motion is not appropriate in a habeas case. The Rules Governing Habeas Corpus Cases Under Section 2254 contemplate only the filing of

a petition, the answer and a reply.[1]

In any event, Wadsworth is actually seeking an expediated order from this Court granting him habeas relief. It appears that he believes he requires such relief because his sentence expires on September 2, 2022 and he will not be eligible for habeas relief once he is out of custody. That is not accurate. Because Wadsworth was in custody on the date he filed the Petition, the Court will maintain subject matter jurisdiction even after he is released. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 6-7 (1998) (the petitioner was in custody at the time the petition was filed, "which is all the 'in custody' provision of 28 U.S.C. § 2254 requires.") Moreover, since Wadsworth is challenging the validity of felony convictions, the Petition will not necessarily become moot upon his release. *Id.* at 7-8 ("Once the convict's sentence has expired…some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained. In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur).") (internal citations omitted); *see also* Brian R. Means, Federal Habeas Manual § 1:67, Westlaw (database updated May 2022) (collecting cases) ("In circumstances where collateral consequences are presumed, the burden of establishing mootness is on the state. But in circumstances where collateral consequences are not presumed, collateral consequences must be demonstrated by the prisoner.")

Accordingly, there is no basis for the Court to grant Wadsworth the relief his seeks in his Motion for Summary Judgment and/or Suspension of Sentence (ECF 11). Therefore, his motion is

---

[1] In addition, the Court's Local Rules permit a respondent to file a motion to dismiss within the time frame permitted by the Court for the filing of the answer if it is believed that there is a clear procedural bar to the action. *See* LCvR 2254.E.1.a.

DENIED.

Since Wadsworth is about to be released, he is reminded that he is under a continuing obligation to notify the Court of his change of address by filing a separate document entitled Notice of Change of Address. Failure to do so may result in the dismissal of this case if the Court or Respondents are unable to serve documents upon him because he has not kept his address of record current.

August 31, 2022                                BY THE COURT:

                                               s/Patricia L. Dodge
                                               PATRICIA L. DODGE
                                               United States Magistrate Judge